**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| **MARQUITA NEWSOME,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:21-cv-00847** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GREEN DOT CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, MARQUITA NEWSOME, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, GREEN DOT CORPORATION, Plaintiff states as follows:

## I.    PRELIMINARY STATEMENT

1.    This is an action for all damages allowable under the Electronic Funds Transfer Act, (hereinafter, "EFTA") 15 U.S.C. §1693, et seq.

## II.    JURISDICTION & VENUE

2.    Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

3.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## III.    PARTIES

4.    MARQUITA NEWSOME, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of St. Petersburg, County of Pinellas, State of Florida.

5.    At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

1

6.    At all relevant times, Plaintiff had an account with Defendant, a "Tax Time Edition Visa 2.0" account or card.

7.    At all relevant times, Plaintiff's Tax Time Edition Visa 2.0 account was an asset account (hereinafter, "Plaintiff's Account").

8.    At all relevant times, Plaintiff's Account was an "account" as that term is defined by 15 U.S.C. §1693a(2).

9.    GREEN DOT CORPORATION, (hereinafter, "Defendant") is a financial organization that provides financial services of consumers within the State of Florida.  Defendant is registered as a federal savings bank in the State of Florida.

10.    At all relevant times, Defendant was a financial organization responsible for holding funds in an account belonging to Plaintiff.

11.    At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

12.    At all relevant times, Defendant held Plaintiff's Account.

13.    At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

14.    At all relevant times the electronic transfers of funds from Plaintiff's Account constituted an "electronic fund transfer" as that term is defined by 15 U.S.C. §1693a(7).

## IV.    <u>ALLEGATIONS</u>

15.    Prior to January 25, 2021, Plaintiff held a Go Bank Prepaid Card.

16.    Prior to her dispute as more detailed below, the balance in Plaintiff's Go Bank account was $2,460.

17.     On or about February 1, 2021, Plaintiff was alerted to the fact that her entire balance of $2,460 had been withdrawn from her account without her knowledge or permission on or about January 25, 2021.

18.     Plaintiff then and there contacted Defendant and spoke with a duly authorized representative of Defendant.

19.     Plaintiff, then and there during a telephone call with Defendant, on February 1, 2021 informed Defendant that her account had been emptied by unauthorized transactions.

20.     In her communication with Defendant, Plaintiff identified each and every transaction which was not authorized and performed through the use of fraud.

21.     Plaintiff disputed to Defendant the aforesaid transfers from Plaintiff's Account.

22.     Defendant received from Plaintiff sufficient information to identify Plaintiff by name and identify by number Plaintiff's Account.

23.     The aforesaid unauthorized electronic transfers of funds were all "errors" as that term is defined by 15 U.S.C. §1693f(f)(1).

24.     The total amount of money transferred fraudulently and without Plaintiff's authorization is $2,460.00.

25.     After all of the transactions that were disputed had been transferred from Plaintiff's account, there remained a balance of zero.

26.     On February 10, 2021., Defendant sent correspondence to Plaintiff in which it stated: "We have concluded our investigation of your dispute referenced above.  Based on our review, we are unable to grant your claim because based on our review of relevant information, including transaction and account activity, the transactions were authorized."

27.    Defendant's February 10, 2021 correspondence also provided that if Plaintiff wished to receive a copy of the supporting document used to make the determination, she may make a written request.

28.    Plaintiff promptly responded to Defendant's communication of February 10, 2021 by mailing a letter directly to the address provided by Defendant requesting that she be provided the supporting documentation.

29.    On March 9, 2021, Defendant responded to Plaintiff's request and sent an email to Plaintiff in which it stated that the supporting documentation was enclosed.

30.    Defendant enclosed eight (8) pages of documents.

31.    The first page of the documents sent by Defendant to Plaintiff contained information relative to Plaintiff's personal identification information.  However, the telephone number provided as Plaintiff's telephone number (347) 973-0224) is not correct, and is not the number Plaintiff provided to Defendant.

32.    The first page also provided the Defendant's decision on Plaintiff's claims, and the supporting factors for the decision.

33.    The supporting factors cited by Defendant were: (1) "No pin/address change requests during dispute timeline or any information update during dispute timeline, no indication of account takeover whatsoever; and (2) With consistent Vault Transactions during the dispute timeline.  Indication that cardholder is aware of account balance."

34.    The following page in the documents provided call details that identified a record of recent customer service calls to her account.  Two of those calls, made on December 17, 2020 and February 1, 2021 (Plaintiff's alert to Defendant of the error) were from Plaintiff's actual

telephone number 727-641-1097 – which was the number Plaintiff provided to Defendant as her number.

35.    The remainder of the documents provided by defendant reflect that every single login attempt on Plaintiff's account was made with the telephone number 727-641-1097, right up until January 25, 2021, the day the unauthorized transfers were made, when a successful login was obtained with the phone number 347-973-3022.

36.    In addition, Defendant's documents reflected that on January 25, 2021, the very same day that the unauthorized transfers were made, there was a change made on Plaintiff's account to update the phone number.

37.    Pursuant to 15 U.S.C. § 1693f(a)(3), upon notice of a dispute from a consumer, a financial institution is under an obligation to investigate the nature of the dispute and report back to the consumer the results of the investigation within ten (10) business days.

38.    Alternatively, if within ten (10) business days of receiving written notification of Plaintiff's dispute, Defendant provisionally recredited Plaintiff's account with the funds relative to the amount alleged to be in dispute, then Defendant would have had forty-five (45) days to complete its investigation into Plaintiff's dispute and to report or mail the results of such an investigation and determination to Plaintiff.

39.    In response to a dispute from Plaintiff, Defendant failed to conduct an investigation in compliance with 15 U.S.C. § 1693f(a)(3).

40.    Pursuant to 15 U.S.C. § 1693f(d), if a financial institution determines after conducting an investigation that an error did not occur, it must, upon receipt of a request from the consumer, promptly deliver to the consumer reproductions of all documents with the financial institution relied on to conclude that such error did not occur.

41.     Defendant received a written request from Plaintiff for the documents upon which Defendant relied during its investigation.

42.     Defendant provided documents to Plaintiff.

43.     Upon information and belief, to date, Defendant has not conducted an investigation relative to the dispute submitted to Defendant by Plaintiff.

44.     Nothing in the documents provided by Defendant leads to a reasonable conclusion that the transactions disputed by Plaintiff were authorized.

45.     Presently, Plaintiff remains without the $2,460 stolen from Plaintiff's Account without Plaintiff's knowledge or authorization.

46.     Defendant's conduct, as delineated above, is in violation of  15 U.S.C. §1693f(a).

47.     Defendant's conduct, as delineated above, is in violation of 15 U.S.C. §1693f(e)(1).

48.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer mental anguish, emotional distress and out-of-pocket damages.

WHEREFORE, Plaintiff, MARQUITA NEWSOME, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.     All actual compensatory damages suffered;

    b.     Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A);

    c.     Plaintiff's attorneys' fees and costs; and,

    d.     Any other relief deemed appropriate by this Honorable Court.

### V.     JURY DEMAND

49.     Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**MARQUITA NEWSOME**


By: <u>   s/ David M. Marco          </u>
             Attorney for Plaintiff


<u>Dated: April 8, 2021</u>

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:  (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:        dmarco@smithmarco.com